# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1221V

Filed: January 18, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| JENNIFER PAUL, *as legal guardian* | * | UNPUBLISHED |
| *of* BRYAN PAUL, | * | |
| | * | |
| Petitioner, | * | Decision on Interim Attorneys' Fees and |
| v. | * | Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | | |
| * * * * * * * * * * * * * * | | |

*Jessica Wallace, Esq.*, Siri & Glimstad LLP, Aventura, FL, for petitioner.
*Lynn Schlie, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 16, 2019, Jennifer Paul ("petitioner" or "Mrs. Paul") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] as legal guardian of her son, Bryan Paul. Petitioner alleges that Bryan suffered from encephalopathy and residual seizure disorder as a result of the meningococcal vaccine he received on August 16, 2018. Petition, ECF No. 1. Petitioner now seeks an award of interim attorneys' fees and costs.

### I. Procedural History

The petition and medical records were filed on August 16, 2019 and the matter was assigned to me on August 19, 2019. Petitioner's Exhibits ("Pet. Ex.") 1-10; ECF Nos. 1, 5.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed additional medical records on September 17, 2019 and September 23, 2019, and a Statement of Completion on September 23, 2019. Pet. Ex. 11, ECF No. 8; Pet. Ex. 12, ECF No. 9; ECF No. 10.

Respondent filed a status report on November 22, 2019 identifying additional records that were outstanding. ECF No. 11. Petitioner was ordered to file the outstanding medical records and an amended Statement of Completion.

Petitioner filed Motions for extension of time to file the outstanding medical records on January 17, 2020 and March 19, 2020, both of which were granted. ECF Nos. 13-14. On April 22, 2020, petitioner filed medical records and a Motion for extension of time to file employment records, which was granted. Pet. Ex. 13-27, ECF Nos. 17-18. On May 22, 2020, petitioner filed a status report advising of the unavailability of Bryan's medical records and a Statement of Completion. ECF Nos. 19-20.

Respondent filed his Rule 4(c) Report on September 4, 2020. ECF No. 22. A status conference was held thereafter, on October 29, 2020, and petitioner was ordered to file an expert report. ECF No. 23.

Petitioner filed Motions for extension of time to file an expert report on January 19, 2021 and February 24, 2021, both of which were granted. ECF Nos. 24-25. Petitioner filed an expert report from Dr. Shafrir and corresponding medical literature on March 12, 2021. Pet. Ex. 28-29, ECF No. 26. Respondent was then ordered to file an expert report. Non-PDF Scheduling Order, issued May 26, 2021.

Respondent filed Motions for extension of time to file his expert report on May 26, 2021 and July 22, 2021, both of which were granted. ECF Nos. 28-29. Respondent filed expert reports from Dr. McCusker and Dr. Wiznitzer and accompanying literature on September 13, 2021. ECF Nos. 30-31.

After two Motions for extensions of time filed on November 9, 2021 and January 12, 2022, which were granted, petitioner filed responsive expert reports and medical literature from Dr. Shafrir and Dr. Akbari on January 21, 2022. ECF Nos. 35-36. Respondent was then ordered to file responsive expert reports or a status report advising how he intended to proceed, and on March 24, 2022, respondent filed a Motion for extension of time to file responsive expert reports. ECF No. 44. The Motion was granted. Non-PDF Order, issued Mar. 24, 2022.

On April 13, 2022, petitioner filed the instant Motion for Interim Attorneys' Fees and Costs seeking $55,651.20 in attorneys' fees and $57,017.44 in costs for a total of $112,668.64. Motion for Interim Fees, ECF No. 47. On April 19, 2022, respondent filed a response stating that he "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and deferring to the special master for a determination of interim fees and costs. Response to Motion for Interim Fees ("Response") at 2-4, ECF No. 48. Petitioner did not file a reply.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

### A.    Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs*., 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs*., 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs*., No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs*., 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for over three years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human*

*Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Respondent has raised no objection to the motion and submitted that petitioner has satisfied the statutory requirements. Motion for Interim Fees at 2. Moreover, petitioner has expended significant time and costs in litigating this matter, and with the current case load, an entitlement hearing cannot be held for quite some time. In sum, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioner.

**B.      Reasonable Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Aaron Siri, $363 per hour for work performed in 2016 and $376 for work performed in 2017; for Mr. Mark Farmer, $230 for work performed in 2017; for Mr. Joseph Krueger, $240 for work performed in 2017 and $248 for worked performed in 2018; and for Ms. Jessica Wallace, $195 for work performed in 2018; $205 for work performed in 2019, $231 for work performed in 2020, $241 for work performed in 2021, and $275 for work performed in 2022. Motion for Interim Fees at 20.

The hourly rates requested for Mr. Siri, Mr. Krueger, and Mr. Farmer are consistent with what they have been previously awarded, as are Ms. Wallace's rates for 2018 through 2021 and shall be awarded herein. *See Phillips v. Sec'y of Health & Human Servs.*, No. 18-015V, 2021 WL 5854073 (Fed. Cl. Spec. Mstr. Nov. 5, 2021). Further, Ms. Wallace's requested 2022 rate is consistent with the forum hourly rate fee schedule for an attorney of her experience and shall be awarded as well.

---

[3] The 2015-2022 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Ms. Wallace, petitioner's counsel of record, was assisted by law clerks and paralegals: William Pauley, Patricia Chen, Kimberly Hertz, Ashley Plescia, Gretchen Elgersma, and Esther Novak. She was also assisted by Jill Rubolino, a legal nurse consultant. The rates requested for these individuals are consistent with the forum hourly rate fee schedule and are therefore reasonable.

Accordingly, the hourly rates as awarded as requested above.

## C.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs*., 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that, generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is awarded interim attorneys' fees of **$55,651.20**.

## D.    Reasonable Costs

Petitioner requests a total of $57,017.44 in costs. Motion for Interim Fees at 2. The requested costs consist of securing medical records, postage costs, and fees for two experts, Dr. Yuval Shafrir and Dr. Omid Akbari. Motion for Interim Fees, Ex. 1 at 46.

### 1. Dr. Yuval Shafrir

Petitioner requests a total of $22,860.00 in expert costs for Dr. Yuval Shafrir. Dr. Shafrir billed for 50.8 hours at a rate of $450 per hour for preparing two expert reports between October 2020 and January 2022. Motion for Interim Fees, Ex. 1 at 89-90.

Dr. Shafrir has consistently been awarded a rate of $350 per hour without an increase since he began serving as an expert in the Program in 1996, more than 20 years ago. *See Kinney v. Sec'y of Health & Human Servs.*, No. 18-1522V, 2022 WL 17968792 (Fed. Cl. Spec. Mstr. Dec. 7, 2022). Other pediatric neurologists who serve in the Program on behalf of petitioners are being paid at a rate of $500, including Dr. Kinsbourne and Dr. Shoenfeld. *See Worcester v. Sec'y of Health & Human Servs.*, No. 16-1641V, 2022 WL 3369714 (Fed. Cl. Spec. Mstr. July 13, 2022) (awarding Dr. Kinsbourne an hourly rate of $500); *Switzer v. Sec'y of Health & Human Servs.*, No. 18-1418V, 2022 WL 774712 (Fed. Cl. Spec. Mstr. Jan. 25, 2022) (awarding Dr. Shoenfeld an hourly rate of $500). Based on Dr. Shafrir's familiarity and longevity with the Program as well as his active clinical and academic practice, Dr. Shafrir should be paid as requested at a rate of $450 per hour, bringing his hourly rate for 2021 and 2022 more in line with other pediatric neurologists who serve as experts for petitioners in the Program.

Therefore, applying the increased rate for his work in 2021 and 2022, Dr. Shafrir is awarded a total of **$20,486.80**.[4]

### 2. Dr. Omid Akbari

Petitioner requests a total of $30,360.00 in expert costs for Dr. Omid Akbari for 55.2 hours of work at a rate of $550 per hour. Motion for Interim Fees, Ex. 1 at 91-93. However, Dr. Akbari has consistently been awarded a rate of $500 per hour by special masters in the Program. *See Bristow v. Sec'y of Health & Human Servs.*, No. 19-457V, 2022 WL 17821111 (Fed. Cl. Spec. Mstr. Nov. 15, 2022) (listing cases in which Dr. Akbari has been awarded $500 per hour); *Walters v. Sec'y of Health & Human Servs.*, No. 15-1380V, 2022 WL 1077311 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (same). Accordingly, I find that $500 per hour, as has been consistently awarded to Dr. Akbari including for work in 2021 and 2022, to be an appropriate hourly rate.

Dr. Akbari billed for 55.2 hours of work in the period from October 2021 through March 2022, providing one expert report during that time. Dr. Akbari provided detailed records of his tasks and the time spent on those tasks and these generally appear reasonable and will therefore be rewarded. Thus, the amount awarded to Dr. Akbari will be reduced by **$2,760.00** to reflect application of the $500 per hour rate, resulting in a total of **$27,600.00**.[5]

### 3. Total Reasonable Costs

I have reviewed all the other requested costs and find them reasonable and supported with adequate documentation. Accordingly, petitioner is awarded a total of **$51,884.24** in costs.

---

[4] This amount is comprised of 24 hours of work completed in 2020 at a rate of $350 ($8,400) and 26.8 hours of work completed in 2021 and 2022 at a rate of $450 ($12,086.80).
[5] ($550 x 55.2 hours) – ($500 x 55.2 hours) = $2,760.00

## IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED in part**. Accordingly, I award **$107,535.44,** representing $55,651.20 in attorneys' fees and $51,884.24 in attorneys' costs in the form of a check payable jointly to **petitioner and petitioner's counsel, Jessica Wallace.** The clerk shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.